1  JULIE ARIAS YOUNG (State Bar No. 168664)
2  jyoung@yzllp.com
   VICKY H. LIN (State Bar No. 253767)
3  vlin@yzllp.com
4  YOUNG & ZINN LLP
   1150 South Olive Street, Suite 1800
5  Los Angeles, California 90015
   Telephone: (213) 362-1860
6  Facsimile:  (213) 362-1861
7
8  Attorneys for Defendant
   UNIVERSITY OF SOUTHERN CALIFORNIA
9

10              UNITED STATES DISTRICT COURT
11
12       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
13

| | |
|---|---|
| 14  DOE, an individual, and on behalf of all others similarly situated; | Case No. 2:20-cv-06098 JAK (AGRx) |
| 15 | |
| 16      Plaintiff, | **DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY ACTION** |
| 17   v. | |
| 18  UNIVERSITY OF SOUTHERN CALIFORNIA, a California Not-for-Profit Corporation; DOES 1 through 20. | |
| 19 | |
| 20 | |
| 21 | Date:  April 26, 2021 |
| 22      Defendants. | Time: 8:30 a.m. |
| 23 | |

24
25
26
27
28

# **TABLE OF CONTENTS**

I.      INTRODUCTION .........................................................................6

II.     LEGAL ARGUMENT ...............................................................6

    A.     The Agreement Is Valid And Provides Consideration. ......................6

    B.     The FAA Governs The Arbitration Agreement. ................................7

    C.     The Agreement Compels Arbitration of All Claims..........................8

    D.     The Agreement Complies with *Armendariz*. .....................................9

    E.     The Franken Amendment Is Not A Defense To Arbitration. ...........10

    F.     Plaintiff Fails to Show Fraudulent Inducement. ..............................11

    G.     The Agreement is not Unconscionable................................................12

        1.     There Is No Procedural Unconscionability. ...........................12

        2.     The Agreement Is Not Substantively Unconscionable...........13

    H.     FAA Preempts State Laws. ................................................................15

III.    CONCLUSION ...........................................................................15

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

1

# TABLE OF AUTHORITIES

2

page(s)

3

## Federal Cases

4

*Allied-Bruce Terminix Companies, Inc. v. Dobson,*
5
    513 U.S. 265 (1995) ...............................................................................15

6

*Asfaw v. Lowe's HIW, Inc.,*
    2014 WL 1928612 (C.D. Cal. 2014) ..............................................7, 8

7

*AT&T Mobility LLC v. Concepcion,*
8
    563 U.S. 333 (2011) ..................................................................9, 14, 15

9

*Biller v. Toyota Motor Corp.,*
    668 F.3d 655 (9th Cir. 2012) ...................................................................7

10

*Blount v. North Grumman Info. Tech. Overseas, Inc.,*
11
    2014 WL 5149704 (E.D. Va. Oct. 14, 2014) ......................................11

12

*Carter v. Rent-A-Ctr., Inc.,*
13
    718 F.App'x 502 (9th Cir. 2017) .......................................................14

*Circuit City Stores, Inc. v. Adams,*
14
    532 U.S. 105 (2001) .............................................................................8

15

*Circuit City v. Najd,*
16
    294 F.3d 1104 (9th Cir. 2002) ..............................................................7

17

*Harris v. Halliburton Co.,*
    2016 WL 4204604 (E.D. Cal. 2016) ..................................................10

18

*In re Lares,*
19
    188 F.3d 1166 (9th Cir. 1999) ............................................................11

20

*Ingle v. Circuit City Stores, Inc.,*
    328 F.3d 1165 (2003) ...................................................................13, 14
21

*Johnmohammadi v. Bloomingdale's, Inc.,*
22
    755 F.3d 1072 (9th Cir. 2014) ...........................................................14

23

*Kilgore v. KeyBank Nat'l Ass'n,*
24
    718 F.3d 1052 (9th Cir. 2013) ...........................................................12

25

*Medtronic, Inc. v. Lohr,*
    518 U.S. 470 (1996) ...........................................................................15

26

*Norfolk S. Ry. Co. v. City of Alexandria,*
27
    608 F.3d 150 (4th Cir. 2010) .............................................................15

28

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

*Federal Cases, cont.*

*Phifer v. Michigan Sporting Goods Distributors, Inc.,*
    2010 WL 3609376 (W.D. Mich. 2010) .........................................................10

*Pokorny v. Quixtar, Inc.,*
    601 F.3d 987 (9th Cir. 2010) ..........................................................................10

*Prima Paint Corp. v. Flood & Conklin Mfg.,*
    388 U.S. 395 (1967) .......................................................................................15

*Quevedo v. Macy's, Inc.,*
    798 F.Supp.2d 1122 (C.D. Cal. 2011) ...........................................................13

*Rains v. Criterion Sys.,*
    80 F.3d 339 (9th Cir. 1996) ............................................................................11

*Seiter v. Yokohama Tire Corp.,*
    2010 WL 455132 (W.D. Wash. 2010) ............................................................12

*Stanley v. Trustees of California State Univ.,*
    433 F.3d 1129 (9th Cir. 2006) .....................................................................8, 11

**California Cases**

*Armendariz v. Foundation Health Psychcare Services,*
    24 Cal.4th 83 (2000) ................................................................................6, 9, 10

*Bihun v. AT&T Info. Sys. Inc.,*
    13 Cal.App.4th 976 (1993) .............................................................................11

*Casas v. Carmax Auto Superstores California LLC,*
    224 Cal.App.4th 1233 (2014) .........................................................................14

*Engalla v. Permanente Med. Grp., Inc.,*
    15 Cal.4th 951 (1997) .....................................................................................12

*Epstein v. Vision Serv. Plan,*
    56 Cal.App.5th 223 (2020) .............................................................................14

*Guz v. Bechtel Nat. Inc.,*
    24 Cal.4th 317 (2000) ................................................................................11, 12

*Lagatree v. Luce, Forward, Hamilton & Scripps LLP,*
    74 Cal.App.4th 1105 (2000) ...........................................................................13

*Lane v. Francis Capital Mgmt. LLC,*
    224 Cal.App.4th 676 (2014) ...........................................................................13

*Midwest Motor Supply Co. v. Sup Ct.,*
    56 Cal.App.5th 702 (2020) .............................................................................15

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

*California Cases, cont.*

*Ramos v. Superior Court,*
    28 Cal.App.5th 1042 (2018)...............................................................13

*Sanchez v. Carmax Auto Superstores Cal., LLC,*
    224 Cal.App.4th 398 (2014)...............................................................13

*Steiner v. Thexton,*
    48 Cal. 4th 411 (2010).........................................................................7

*Victrola 89 v. Jaman Properties 8 LLC,*
    46 Cal.App.5th 337 (2020)...................................................................7

**Federal Statutes**

Fed. Rules Civ. Proc., Rule 6..................................................................6

Gov. Code § 12964.5.............................................................................15

**California Statutes**

Cal. Civ. Code § 3291...........................................................................11

Cal. Civ. Code § 1633.7.........................................................................6

Cal. Lab. Code § 432.5...........................................................................15

Cal. Lab. Code § 432.6...........................................................................15

**Other**

Local Rule 11-9, 83-7.............................................................................6

Local Rule 7-13, 83-7.............................................................................6

## I.    **INTRODUCTION**

Despite filing ***three*** procedurally improper[1] and untimely[2] Opposition briefs (all of which should be disregarded), Plaintiff fails to present any cogent argument, much less admissible evidence, to undermine the enforceability of the Arbitration Agreement ("Agreement") she signed. The Agreement contains consideration (the mutual promise to arbitrate claims), was signed by USC and Plaintiff ("Parties"), is expressly subject to the FAA, and complies with *Armendariz v. Foundation Health Psychcare Services*, 24 Cal.4th 83, 97 (2000). It covers all of Plaintiff's claims, including the 3rd and 4th claims, as Plaintiff neither asserts claims nor alleges that Plaintiff was subjected to sexual harassment or sexual assault. Moreover, Plaintiff's purported defenses to the Agreement fail as a matter of law: the Franken Amendment is not a defense to arbitration; USC made no fraudulent misrepresentations about the Agreement; and Plaintiff fails to establish that there is *both* procedural and substantive unconscionability. Finally, USC engaged Plaintiff in a substantive, 26-minute meet and confer call. (Reply Declaration of Julie Young, ¶¶ 2-4; Ex K). Thus, the Court should order Plaintiff to arbitrate all claims.

## II.    **LEGAL ARGUMENT**

### A.    **The Agreement Is Valid And Provides Consideration.**

It remains undisputed that the Parties entered into a valid arbitration agreement. Plaintiff does not (and cannot) deny that the Agreement was electronically signed by Plaintiff on February 12, 2018 and by USC's then-President C. L. Nikias (on behalf of USC).[3] (Thompson Decl. ¶¶ 2-3, Ex. B; Thompson Reply

---

[1] Blady's declaration is admittedly a 33-page supplemental brief (Blady Decl. ¶133), as is Plaintiff's declaration. Properly formatted, Plaintiff's "Opposition" is 30 pages long. (Decl. of Vicky Lin, ¶¶ 3-7; Ex M.) All are sanctionable. L.R. 11-9, 83-7.
[2] Per the Standing Order, the Opposition was due "no later than" December 25, 2020 but was filed on December 28. FRCP 6 does not apply. FRCP 6 Advisory Committee's Note to 2009 Amendment. This is also sanctionable. L.R. 7-13, 83-7.
[3] Electronic signatures "may not be denied legal effect or enforceability solely because it is in electronic form." Civ. Code 1633.7(a).

1  Decl. ¶ 9.) Plaintiff admits to signing the Agreement by (1) seeking to be the class

2  representative for USC employees who share a "significant common trait, in that the

3  class members … *signed a written arbitration agreement*;" and (2) pursuing a claim

4  for rescission of the Agreement, which acknowledges that Plaintiff signed and is

5  subject to the Agreement. (Complaint ¶¶104-107, 302 [emphasis added].)

6       The Agreement itself provides adequate consideration as both Plaintiff and

7  USC promised to arbitrate all claims between them.[4] *Circuit City v. Najd*, 294 F.3d

8  1104, 1108 (9th Cir. 2002) (employer's "promise to be bound by the arbitration

9  process itself serves as adequate consideration"); *Asfaw v. Lowe's HIW, Inc*., 2014

10 WL 1928612 at *3 (C.D. Cal. 2014) ("There was also valid consideration [because]

11 the parties mutually agreed to submit to arbitration.)[5] In short, there is no dispute as

12 to the formation of or validity of the Agreement.

13      **B.**    **The FAA Governs The Arbitration Agreement.**

14      The FAA applies to this Agreement because it expressly provides so. (*See*

15 Motion, 13:3-14). Plaintiff's attempt to distinguish *Victrola 89 v. Jaman Properties*

16 *8 LLC*, 46 Cal.App.5th 337 (2020) and *Biller v. Toyota Motor Corp*., 668 F.3d 655

17 (9th Cir. 2012) because they did not consider her/his arguments of unconscionability

18 (*e.g.* AB 51, the Franken Amendment) misses the mark because those issues are

19 irrelevant to their holding that the FAA applies when an agreement so provides.

20      Moreover, as this Court has previously ruled, "[a]n employment contract is

21 considered a 'contract evidencing a transaction involving commerce,' and is

22  

_____

23 [4] In e-signing the Agreement, Plaintiff acknowledged the Parties "are giving up their
respective rights to a jury trial." (Thompson Reply Decl. ¶¶ 4-9; Ex L.) The

24 Agreement also states "[t]he parties agree that final and binding arbitration shall be
the sole and exclusive remedy for resolving any claims covered by this Agreement,

25 instead of any court action …." (Thompson Decl., Ex B at ¶ 4.)

26 [5] Plaintiff's own authority, *Steiner v. Thexton*, 48 Cal.4th 411, 422 (2010), defeats
Plaintiff's argument that the Agreement is illusory/lacks consideration. The

27 "condition precedent" was satisfied when Plaintiff became a USC employee. *Id*.
("confer[ing] a bargained-for benefit" cures the "initially illusory nature.")

28  

1   therefore covered by the FAA." *Asfaw*, 2014 WL 1928612, at *2. Plaintiff admits

2   that "USC employees are 'engaged in interstate commerce'" and investigators (such

3   as Plaintiff) interview "geographically dispersed faculty" via videoconference (*See*

4   Opp, 12:16-19, Plaintiff's Ex. G); thereby conceding that the FAA covers the

5   Agreement. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113 (2001) (Section

6   2's language ("involving commerce") is broader than "engaged in commerce".)

7         The Agreement does not fall within the narrow exemption in FAA § 1 for

8   transportation workers. Plaintiff's cited case, *Circuit City*, 532 U.S. 105, confirms

9   that: (1) Section 1 addressed "Congress' demonstrated concern with ***transportation***

10  ***workers and their necessary role in the free flow of goods***;" *Id.* at 121 (emphasis

11  added); and (2) "Section 1 exempts from the FAA ***only*** employment contracts of

12  ***transportation*** workers," which Plaintiff is not. *Id.* at 119 (emphasis added).

13        **C.    The Agreement Compels Arbitration of All Claims.**

14        The Agreement expressly covers "all claims" "including but not limited to:"

15  (1) "claims for personal, physical, or emotional injury;" and (2) "claims for

16  discrimination or harassment." (Thompson Decl., Ex B at ¶ 2.) Plaintiff's 3rd claim

17  (discrimination, retaliation under Title IX) and 4th claim (negligent hiring,

18  supervision, retention) are not exempt from arbitration under Paragraph 3 of the

19  Agreement because they are ***not*** "tort claims" that "are related to or arising out of

20  sexual assault or harassment." The Complaint does not allege that ***Plaintiff*** was the

21  victim of sexual harassment or assault, but rather that Plaintiff suffered retaliation,

22  discrimination, and harm for opposing USC's purported altering or ignoring Title IX

23  investigative procedures. (Complaint ¶¶ 65-70, 94-97). The attempt to shoehorn

24  these claims into the exemption contradicts the plain language of the Agreement.[6]

25

26  [6] *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129 (9th Cir. 2006) does
    not reclassify the Title IX claim as a tort claim. It simply "borrowed" California's
27  statute of limitations for personal injury for Title IX claims because "Title IX does
28  not expressly provide any statute of limitations." *Id.*, at 1134.

1        **D.**     **The Agreement Complies with _Armendariz._**

2        The "ability to choose expert adjudicators to resolve specialized disputes" is

3 one of the "principal advantage[s] of arbitration." _AT&T Mobility LLC v._

4 _Concepcion_, 563 U.S. 333, 348 (2011). Plaintiff argues that JAMS, "the world's

5 largest private alternative dispute resolution (ADR) provider"

6 (https://www.jamsadr.com/about/), is not a neutral forum because USC is a "repeat

7 player," USC's law school partners with JAMS on educational symposia and

8 received a pledge for a legacy gift from a USC alumnus affiliated with JAMS. As

9 explained in USC's Motion, this argument is unpersuasive. (Motion 21:15-22:2).

10 Moreover, Plaintiff's doubts about the impartiality of particular arbitrators are not a

11 bar to enforcing the Agreement; those concerns are addressed and resolved through

12 JAMS' arbitrator selection and challenge process in which both Parties participate,

13 and which includes arbitrator disclosures of any information that "could lead a party

14 to question the Arbitrator's impartiality." (_See_ Motion 15:17-22; JAMS Rule 15 (b),

15 (c) & (h); JAMS Arbitrators Ethics Guidelines V(A); Judicial Council's Ethics

16 Standards for Neutral Arbitrators, Standard 7.)

17        The discovery limitations arguments are meritless. _Armendariz_ and

18 subsequent cases uphold limitations as long as the parties can conduct discovery

19 "necessary to vindicate [their] claim[s]." 24 Cal. 4th at 105-106, fn. 11. The

20 Agreement and JAMS' Rules provide for such discovery. (See Motion 20:6-21:14).

21        The Agreement's provision for a "written, reasoned opinion," by itself and

22 with JAMS Rule 24(h), is consistent with _Armendariz_, 24 Cal. 4th at 107 ("an

23 arbitrator … must issue a written arbitration award that will reveal, however briefly,

24 the essential findings and conclusions on which the award is based.")

25        The Agreement also complies with _Armendariz_'s rule that an employee

26 cannot be required to "bear any type of expense that the employee would not be

27 required to bear if he or she were free to bring the matter in court." 24 Cal. 4th at

28 110–111. It limits the employee's payment to JAMS to a "share of the arbitrator's

1    fee that is **no more than the then-current filing fee in the California Superior**

2    **Court**...." (Thompson Decl., Ex. B at ¶ 5). The provision that "the Employee and the

3    University shall each bear their own costs relating to the arbitration and their own

4    attorneys' fees, **except as otherwise provided by law**" (Id.) [emphasis added]) simply

5    confirms that each party is responsible for its own attorneys' fees—exactly as they

6    would be in court. The "except as otherwise provided by law" language preserves

7    Plaintiff's statutory right to recover attorneys' fees and costs if his/her claims are

8    ultimately successful. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1004 (9th Cir. 2010)

9    is inapposite because, unlike in that case, the Agreement does not provide that the

10   Arbitrator "shall" award costs and fees to the prevailing party regardless of what the

11   applicable law provides.

12        Inconsistently, Plaintiff also complains that the Agreement provides that the

13   Arbitrator "shall award all the remedies to which the prevailing party is legally

14   entitled, including attorneys' fees and/or litigation costs if recoverable under

15   applicable law." (Thompson Decl., Ex. B at ¶ 8). That is precisely what *Armendariz*

16   requires. 24 Cal 4th at 102 ("an arbitration agreement may not limit statutorily

17   imposed remedies such as punitive damages and attorney fees.").[7]

18        E.    **The Franken Amendment Is Not A Defense To Arbitration.**

19        As Plaintiff admits, several courts have ruled that the Franken Amendment

20   does not create a defense to arbitration by private civil litigants. *See, e.g., Harris v.*

21   *Halliburton Co.*, 2016 WL 4204604, at *3 n. 2 (E.D. Cal. 2016); *Phifer v. Michigan*

22   *Sporting Goods Distributors, Inc.*, 2010 WL 3609376, at *7 (W.D. Mich. 2010).[8]

23   In any event, the Agreement includes language consistent with the Franken

24   Amendment's plain meaning. *See* Motion 23:7-23; *Blount v. North Grumman Info.*

25   _____

26   [7] Plaintiff argues that this provision "exposes [her/him] to cost-shifting for
     petitioning this court" (Opp., at pp. 4, 20). The Agreement is clear, however, that

27   there will be no cost-shifting except as the Parties would be legally entitled in court.
     [8] *See Lee v. Google*, Santa Clara Sup Ct. 18CV32365. (Request for Judicial Notice

28   ("RJN"), Ex. P.)

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

1   *Tech. Overseas, Inc.*, 2014 WL 5149704, *4 (E.D. Va. Oct. 14, 2014) ("sexual

2   assault or harassment" means claims of "sexual assault" or "sexual harassment.")

3       Plaintiff's argument that the Franken Amendment exempts claims under

4   FEHA from arbitration is meritless. Plaintiff has not alleged any claims under

5   FEHA in this case.[9]  Moreover, the argument is contrary to basic statutory

6   construction since the Franken Amendment does not reference FEHA.[10]  The fact

7   that Title VII and FEHA each "independently espouses the same public policy"

8   does not mean that bringing a FEHA claim is the same as bringing a Title VII

9   claim. *See Rains v. Criterion Sys.*, 80 F.3d 339, 344 (9th Cir. 1996).[11] Were that

10  true, this Court would have original jurisdiction over FEHA claims.

        **F.**      **Plaintiff Fails to Show Fraudulent Inducement.**

12      Plaintiff cannot establish any defense to the Agreement. In addition to the

13  Code of Conduct addressed in USC's moving papers,[12] Plaintiff now argues that

_____

[9] Plaintiff seeks to apply collateral estoppel to a trial court ruling in *Jane Doe v. USC*, LASC Case No. BC691494 denying USC's motion to compel arbitration of a FEHA sex harassment claim. (Exhibit Y to Blady Decl.). Unlike Plaintiff, Jane Doe alleged that she **was** sexually harassed and assaulted. (RJN - Ex. Q, ¶¶ 9-15, 20-23). Moreover, Plaintiff cannot seek to apply *Jane Doe's* factually inapposite ruling yet disclaim two decisions **granting** USC's motions to compel arbitration of FEHA sex harassment claims. (Exs. BB, CC to Blady Decl.)

[10] *See, In re Lares*, 188 F.3d 1166, 1169 (9th Cir. 1999) ("When a statute enumerates the areas which are to be encompassed in its enforcement, it is generally accepted that those areas not specifically mentioned are not to be included.") The same is true for Title IX claims, which are also not mentioned in the amendment. That courts interpret Title IX consistent with similar provisions in Title VII (*Stanley, at 1134*), does not mean that the two statutes are one and the same.

[11] Plaintiff argues that FEHA claims are encompassed by the Franken Amendment because they are torts, citing *Bihun v. AT&T Info. Sys. Inc.*, 13 Cal.App.4th 976 (1993). *Bihun* held that a FEHA sexual harassment claim is an action "brought to recover damages for personal injury" under Civ. Code § 3291(interest as damages) because sexual harassment "is a form of violence against women." *Id.*, at 1004–1005. There is no such claim in this case.

[12] *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317 (2000) does not support the contention

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

1  USC also made "misrepresentations," in the Agreement itself: 1) the statement that

2  "internal processes are available for collegially resolving differences that may arise

3  between [USC] and its faculty or staff, including formal faculty grievance and staff

4  complaint procedures;" and 2) "the applicability of the FAA." (Opp., at p. 21).[13]

5  These arguments fail. First, there is no dispute that USC provides pre-arbitration

6  employee complaint procedures (e.g., staff complaint procedures

7  (https://policy.usc.edu/staff-complaint-procedures/) and faculty grievances

8  (https://policy.usc.edu/files/2019/07/2019-Faculty-Handbook-1.pdf). (Lin Decl. ¶¶

9  8-9, Exs N-O.) Dissatisfaction with how USC has handled Plaintiff's progressive

10  discipline and internal complaint does not render the procedures' existence a fraud.

11     Second, that Plaintiff disagrees with USC's contention that the FAA governs

12  the Agreement is not evidence of a "misrepresentation" on the part of USC.

13     Plaintiff also references (but does not explain) that USC misrepresented the

14  "kind" or "character" of her work. (Opp., at p. 21). This is not a promise that goes to

15  the making of the stand-alone Agreement. *Engalla v. Permanente Med. Grp., Inc.,*

16  *15 Cal.4th 951, 973 (1997)*. Moreover, this argument is, in effect, a request that the

17  Court review the merits of her claims. That is not the proper inquiry. *See Kilgore v.*

18  *KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013).

19     G.    **The Agreement is not Unconscionable.**

20          1.    **There Is No Procedural Unconscionability.**

21     "[A] compulsory predispute arbitration agreement is not rendered

22  _____

23  that one document (Code of Ethics) was material to Plaintiff signing another
   document—the Agreement. *Guz* addressed whether a set of personnel policies/

24  procedures can be the basis for a claim for breach of an implied contract. 24 Cal.4th
   at 344–45. *Seiter v. Yokohama Tire Corp.*, 2010 WL 455132 (W.D. Wash. 2010) is

25  equally inapposite because it addressed whether a promise in a Code of Ethics itself

26  could be evidence of an enforceable contract. Here, the Code of Ethics cannot
   support a claim of fraud as to the unrelated Agreement. (*See* Motion, 25:18-26:16).

27  [13] Section II.D, above, addresses Plaintiff's meritless argument that the Agreement

28  mispresented JAMS as an impartial arbitral forum.

1   unenforceable just because it is … offered on a 'take it or leave it' basis." *Lagatree*

2   *v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal.App.4th 1105, 1127 (2000)

3   Moreover, given Plaintiff's knowledge and experience, it is disingenuous for

4   him/her to claim that he/she did not understand the agreement, or was tricked into

5   signing it. *Ramos v. Superior Court*, 28 Cal.App.5th 1042, 1064-65 (2018).

6          That the JAMS rules were not attached to the Agreement is also not evidence

7   of unconscionability. *See Lane v. Francis Capital Mgmt. LLC*, 224 Cal.App.4th 676,

8   691 (2014) ("[t]here could be no surprise, as the arbitration rules referenced in the

9   agreement were easily accessible to the parties [ ] on the Internet."). Also meritless

10  is Plaintiff's claim that the Agreement contains "a one sided description of

11  arbitration." *See Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122, 1138 (C.D. Cal.

12  2011) (arbitration compelled although materials accompanying the arbitration

13  agreement did not discuss disadvantages of the particular arbitration process because

14  "the degree of procedural unconscionability is small.") *Id*.

15          **2.      The Agreement Is Not Substantively Unconscionable.**

16          Contrary to Plaintiff's arguments, the Agreement is fully bilateral as it binds

17  "the University," which it defines as including "any of its related entities," to the

18  resolution by arbitration of "all claims that the University may have against

19  Employee." (Thompson Decl., Ex. B at ¶ 2). Also unavailing is Plaintiff's argument

20  that the Agreement's notice requirement is onerous. (Motion, 19:16-20:4). *See also*

21  *Sanchez v. Carmax Auto Superstores Cal., LLC*, 224 Cal.App.4th 398, 406 (2014)

22  ("It is hard to see how requir[ing] the employee to identify the nature of the dispute

23  and known witnesses is unconscionable.)

24          The Agreement provides that it "may only be revoked or modified in a written

25  document that expressly refers to the [Agreement] and is signed by the President of

26  the University." (Thompson Decl., Ex. B at ¶ 5). It does ***not*** state that such

27  revocation can be done unilaterally. In *Ingle v. Circuit City Stores, Inc.*, 328 F.3d

28  1165, 1179 (2003) the Ninth Circuit found that a provision affording an employer

1   "the unilateral power to terminate or modify the [arbitration] contract is

2   substantively unconscionable," but "dr[e]w no conclusion as to whether this term,

3   by itself, renders the contract unenforceable." *Id*, at 1179 n. 23. As Plaintiff

4   acknowledges, California courts have since held that "the implied covenant of good

5   faith and fair dealing limits the employer's authority to unilaterally modify the

6   arbitration agreement and saves that agreement from being illusory and thus

7   unconscionable." *Casas v. Carmax Auto Superstores California LLC*, 224

8   Cal.App.4th 1233, 1237 (2014).

9       Plaintiff also relies on *Ingle* to argue that the class action waiver only limits

10   her/his ability to bring representative actions, but not USC's. However, *Ingle* was

11   displaced by the decision in *Concepcion*, 563 U.S. at 338, upholding the

12   enforceability of class action waivers. *See Carter v. Rent-A-Ctr., Inc.*, 718 F.App'x

13   502, 504 (9th Cir. 2017) (*Concepcion* "foreclose[es] any argument that a class

14   action waiver, by itself, is unconscionable under state law.")  *See also*

15   *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014)

16   (upholding provision that "Employees … waive their right to pursue employment-

17   related claims on a collective basis in any forum, judicial or arbitral.")

18       Plaintiff also complains that a separate Confidentiality Statement (Ex. A to

19   Doe Dec.) and JAMS Rule 26(a) (Confidentiality and Privacy) disadvantage her.

20   Nonsense. The Confidentiality Statement makes no reference to arbitration. JAMS

21   Rule 26(a) only addresses the obligation of JAMS and the Arbitrator to "maintain

22   the confidential nature of the Arbitration proceeding."  They do not limit Plaintiff's

23   ability to "contact[] or interview[] witnesses outside the formal discovery process."

24   *Epstein v. Vision Serv. Plan*, 270 Cal.Rptr.3d 239, 258 (2020).[14]

25   _____

26   [14] The Agreement provides for notice within the same "time prescribed by the state
     or federal statute of limitations applicable to the claim being made" and does not

27   purport to shorten any statute of limitations. (Thompson Decl., Ex. B at ¶ 6).

28   Moreover, JAMS Rule 24(c) stating that "[t]he Arbitrator may grant any remedy or

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION

**H.**     **FAA Preempts State Laws.**

Plaintiff's vague invocation of state police powers is contrary to U.S. Supreme Court precedent. "[T]he [FAA] pre-empts state law" and "state courts cannot apply state statutes that invalidate arbitration agreements." *Allied Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 272 (1995); *Concepcion*, 563 U.S. at 341 ("when state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA").[15] Plaintiff fails to explain how any statutes invalidate the Agreement. They do not.[16]

**III.**     **CONCLUSION**

An order compelling individual arbitration of all claims is thus appropriate.

DATED: January 8, 2021          YOUNG & ZINN LLP
                               By:   /s/ Vicky H. Lin
                               _____
                               VICKY H. LIN
                               Attorneys for Defendant UNIVERSITY
                               OF SOUTHERN CALIFORNIA

---

relief that is just and equitable" defeats Plaintiff's argument that the Agreement precludes equitable remedies.

[15] The "holding" Plaintiff incorrectly attributes to *Prima Paint Corp. v. Flood & Conklin Mfg*, 388 U.S. 395, 415 (1967) is actually language in the ***dissenting*** opinion. *Id.* at 415. The remaining cases cited did not involve arbitration agreements. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) dealt with the Medical Device Amendments. *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 160 (4th Cir. 2010) dealt with a local ordinance about railways.

[16] Labor Code 932 addresses employees' right to bargain collectively, not arbitration agreements. Labor Code 432.5's prohibition against unlawful contractual terms is inapplicable because the Agreement is lawful. Gov. Code 12964.5's prohibition against a release of FEHA rights is inapplicable because the Agreement did not waive any rights. It simply requires parties to pursue claims in arbitration. Labor Code 432.6 applies to agreements entered into ***after*** 2020, not this 2018 Agreement. Plaintiff provides no authority for the illogical argument that being an at-will employee extends or modifies the stand-alone Agreement. Finally, *Midwest Motor Supply Co. v. Sup Ct.*, 56 Cal.App.5th 702 (2020) "decline[d] to address" Section 432.6 because "a federal district court issued a preliminary injunction enjoining the state from enforcing section 432.6." *Id.* at 693.