JULIE ARIAS YOUNG (State Bar No. 168664)
jyoung@yzllp.com
VICKY H. LIN (State Bar No. 253767)
vlin@yzllp.com
YOUNG & ZINN LLP
1150 South Olive Street, Suite 1800
Los Angeles, California 90015
Telephone: (213) 362-1860
Facsimile:   (213) 362-1861

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOE, an individual, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California Not-for-Profit Corporation; DOES 1 through 20.<br><br>Defendants. | Case No.  2:20-cv-06098 JAK (AGRx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY ACTION**<br><br>Date:   April 26, 2021<br>Time:  8:30 a.m. |

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S REPLY BRIEF ISO MOTION TO
COMPEL ARBITRATION AND TO DISMISS OR STAY ACTION

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

2    **RECORD:**

3        **PLEASE TAKE NOTICE** that Defendant University of Southern California

4    ("USC") hereby requests that the Court, pursuant to the provisions of Fed. Rules of

5    Evidence, Rule 201, take judicial notice of the following documents in support of

6    USC's Reply Memorandum of Points and Authorities in support of its Motion to

7    Compel Arbitration and to Dismiss or Stay Action:

8        1.    **Exhibit P** - Notice of Entry of Order filed on September 17, 2018 in

9    Santa Clara Superior Court in the matter of *Loretta Lee v. Google Inc*. Case No.

10   18CV32365.

11       2.    **Exhibit Q** – Complaint filed on January 29, 2018 in Los Angeles

12   Superior Court in the matter of *Jane Doe v. USC*, LASC Case No. BC691494.

13       Pursuant to Rule 201(b), this Court may take judicial notice of "a fact that is

14   not subject to reasonable dispute because it: (1) is generally known within the trial

15   court's territorial jurisdiction; or (2) can be accurately and readily determined from

16   sources whose accuracy cannot reasonably be questioned." Public filings in court

17   and orders of California courts are documents that may be judicially noticed. *Bryant*

18   *v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971). Notably, USC seeks judicial notice

19   of the Complaint in Exhibit P simply to establish the allegations that plaintiff Jane

20   Doe made in that matter.

21

22   DATED:  January 8, 2021              YOUNG & ZINN LLP

23

24                                        By:  /s/ Vicky H. Lin

25                                            VICKY H. LIN
                                             Attorneys for Defendant
26                                           UNIVERSITY OF SOUTHERN
                                             CALIFORNIA
27

28

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S REPLY BRIEF ISO MOTION TO
COMPEL ARBITRATION AND TO DISMISS OR STAY ACTION

EXHIBIT P

18CV323651
Santa Clara – Civil

1   BRIAN L. JOHNSRUD, State Bar No. 184474
    PATRICK SHERMAN, State Bar No. 229959
2   CURLEY, HURTGEN & JOHNSRUD LLP
    4400 Bohannon Drive, Suite 230
3   Menlo Park, CA 94025
    Telephone:  650.600.5300
4   Facsimile:   650.323.1002

5   Attorneys for Defendant
    GOOGLE INC.

6

7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/17/2018 8:51 AM
Reviewed By: R. Walker
Case #18CV323651
Envelope: 1949004**

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        IN AND FOR THE COUNTY OF SANTA CLARA

10

11   LORETTA LEE,                           Case No. 18CV323651

12               Plaintiff,                 **NOTICE OF ENTRY OF ORDER**

13          v.

14   GOOGLE, INC. and DOES 1-25,

15               Defendants.

16

17   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18          NOTICE IS HEREBY GIVEN that on September 14, 2018, an Order After Hearing on

19   September 14, 2018 granting Google Inc.'s Petition to Compel Arbitration was entered in the

20   above-entitled action.  A copy of the Order is attached hereto as Exhibit A.

21   Dated: September 17, 2018              CURLEY, HURTGEN & JOHNSRUD LLP

22

23                                          By _____

24                                              PATRICK M. SHERMAN
                                                Attorneys for Defendant
25                                              GOOGLE INC.

26

27

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

                                    1                          CASE NO. 18CV323651

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/14/2018 2:36 PM
Reviewed By: R. Walker
Case #18CV323651
Envelope: 1946669**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

LORETTA LEE,

        Plaintiff,

vs.

GOOGLE, INC. and DOZES 1-25,

        Defendants.

Case No.: 18CV323651

**ORDER AFTER HEARING ON
SEPTEMBER 14, 2018**

**Petition by Defendant Google, Inc. to
Compel Arbitration or Stay Action**

19

20

21

22

23

24

25

26

27

28

      The above-entitled matter came on regularly for hearing on Friday, September 14, 2018 at 9:00 a.m. in Department 1 (Complex Civil Litigation), the Honorable Brian C. Walsh presiding.  The Court reviewed and considered the written submission of all parties and issued a tentative ruling on September 13, 2018. No party contested the tentative ruling and no party appeared; therefore, the Court orders that the tentative ruling be adopted and incorporated herein as the Order of the Court, as follows:

      This is an employment action alleging disparate impact discrimination on behalf of a putative class of female Google employees who were required to arbitrate sexual harassment claims, in addition to several individual claims by the named plaintiff.  Before the Court is Google's second amended petition to compel arbitration, which plaintiff opposes.

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*

I.  Factual and Procedural Background

According to the operative first amended class action complaint ("FAC"), plaintiff worked as a software engineer for Google for over seven years with excellent performance. (FAC, ¶ 1.)  However, she was frequently subjected to sexual harassment by male co-workers who engaged in inappropriate behavior and made lewd remarks to her. (*Id.* at ¶ 2.)  For example, male colleagues spiked her drinks with whiskey and laughed about it. (*Id.* at ¶ 21.)  They shot nerf balls and darts at her almost every day. (*Ibid.*)  One colleague sent plaintiff a text message asking if she would like a "horizontal hug." (*Ibid.*)  Another showed up at her apartment with a bottle of liquor and refused to leave. (*Ibid.*)  Plaintiff was slapped in the face by an intoxicated male co-worker for no apparent reason, and was constantly ogled by men in the workplace. (*Ibid.*)

One particularly troubling incident occurred in January of 2016, when plaintiff found a male co-worker hiding under her desk. (FAC, ¶¶ 3, 22.)  The colleague jumped up and shouted, "You'll never know what I was doing!" (*Id.* at ¶ 22.)  The next day, he approached plaintiff and grabbed the name badge that hung around her neck, grazing her breasts. (*Id.* at ¶ 24.)  Google's human resources department pressured plaintiff to file a report against this co-worker. (*Id.* at ¶ 3.)  When plaintiff refused because she feared being labeled an "informer," human resources wrote her up and failed to take any remedial action to address the incident. (*Ibid.*)  As plaintiff anticipated, over the next few weeks neither the co-worker in question nor anyone else in her group would approve the code she had written, and she did not receive appropriate feedback on her work. (*Id.* at ¶ 4.)  Plaintiff eventually filed a report, but her claims were not thoroughly investigated and her colleagues' inappropriate behavior continued unabated. (*Id.* at ¶ 30.)

Around the time of the January 2016 incident and at Google's suggestion, plaintiff took a medical leave to receive treatment for her mental health after working extreme hours for many years. (FAC, ¶¶ 5, 35.)  Shortly after she returned, plaintiff was injured in a motor vehicle accident and requested time to attend physical therapy appointments. (*Id.* at ¶ 5.)  She also took medication that made her sleep schedule erratic. (*Id.* at ¶ 38.)  Google failed to grant her

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*

2

1   requests for accommodation or engage in an interactive process to accommodate her disability.

2   (*Id.* at ¶¶ 5, 37-38.)

3          In February of 2016, Google terminated plaintiff for "performance issues." (FAC, ¶ 6.)

4   The termination came shortly after she asked for disability accommodations and was in violation

5   of public policy. (*Ibid.*)

6          Plaintiff alleges that Google has a policy of forcing employees to sign an arbitration

7   agreement mandating secret arbitration of all sexual harassment claims, an agreement she signed

8   as a condition of her employment when she began working for Google in 2008. (FAC, ¶ 8.)

9   Female Google employees are disparately impacted by this policy, as women bring the vast

10  majority of sexual harassment claims and fare worse in arbitration than men. (*Id.* at ¶ 9.)

11  Harassment victims also recover two-thirds less in arbitration than in litigation, which is a

12  substantially greater reduction in recovery than the reduction observed with regard to other

13  employment claims. (*Ibid.*)  Finally, while a jury pool is likely to be equally divided by gender,

14  arbitrators from Google's arbitration provider are disproportionately white men. (*Id.* at ¶ 51.)

15         Plaintiff's original complaint asserted only individual claims arising from the harassment

16  and discrimination she alleges.  On March 23, 2018, Google filed its original petition to compel

17  arbitration, and plaintiff filed the FAC.  The FAC newly asserted (1) an individual and class

18  claim for disparate impact discrimination in violation of FEHA, as well as re-alleging plaintiff's

19  individual claims for (2) hostile work environment in violation of FEHA, (3) gender

20  discrimination in violation of FEHA, (4) failure to prevent sexual harassment in violation of

21  FEHA, (5) retaliation in violation of FEHA, (6) disability discrimination in violation of FEHA,

22  (7) failure to accommodate in violation of FEHA, (8) failure to engage in the interactive process

23  in violation of FEHA, (9) wrongful termination in violation of public policy, (10) interference in

24  violation of the Family and Medical Leave Act ("FMLA"), (11) retaliation in violation of

25  FMLA, (12) interference in violation of the California Family Rights Act ("CFRA"), and (13)

26  retaliation in violation of CRFA.  Google filed an amended petition to compel arbitration

27  addressed to the FAC.

28

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*
3

According to Google's counsel, plaintiff propounded discovery requests addressed to the issue of whether Google is subject to the federal Franken Amendment, discussed below. The parties met and conferred on these requests, but were unable to come to agreement. Google subsequently filed its second amended petition to compel arbitration in order to address the Franken Amendment issue. That petition has now come on for hearing by the Court.

II.  Legal Standard

Code of Civil Procedure section 1281.2 provides that a court must grant a petition to compel arbitration "if it determines that an agreement to arbitrate … exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement," among other exceptions. (Code Civ. Proc., § 1281.2; see also 9 U.S.C. § 3 [the court must grant a motion to compel arbitration if any suit is brought upon "any issue referable to arbitration under an agreement for such arbitration"].)

The moving party must prove by a preponderance of evidence the existence of the arbitration agreement and that the dispute is covered by the agreement. (See *Cruise v. Kroger Co.* (2015) 233 Cal.App.4th 390, 396 [under both federal and state law, "the threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate"]; *Rosenthal v. Great Western Fin'l Securities Corp.* (1996) 14 Cal.4th 394, 413 [moving party's burden is a preponderance of the evidence].) The burden then shifts to the resisting party to prove a ground for denial. (*Rosenthal v. Great Western Fin'l Securities Corp.*, *supra*, 14 Cal.4th at p. 413.)

If the court orders arbitration "of a controversy which is an issue involved in [the] action or proceeding pending before [it], the court … shall, upon motion of a party …, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." (Code Civ. Proc., § 1281.4.) "If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only." (*Ibid.*)

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*                                                                4

III.  Evidentiary Issues

Google's request for judicial notice of the "JAMS Employment Arbitration Rules & Procedures," which is unopposed, is GRANTED.  (Evid. Code, § 452, subd. (h).)

The Court will not rule on the objections to evidence filed with Google's reply papers, since they are unnecessary to its disposition of this motion.

IV.  Existence and Validity of Arbitration Agreement

Here, while plaintiff does not appear to dispute Google's evidence that she signed an agreement containing an arbitration provision, she declares that she does not remember doing so. Plaintiff further contends that the Franken Amendment prohibits Google from compelling arbitration of sexual harassment claims, and that the agreement at issue is procedurally and substantively unconscionable.

A.  Existence and Scope of Agreement to Arbitrate

Because arbitration is a contractual matter, a party who has not agreed to arbitrate a controversy cannot be compelled to do so.  (*Harris v. Tap Worldwide, LLC* (2016) 248 Cal.App.4th 373, 380.)  While there is a strong public policy favoring contractual arbitration, that policy does not extend to parties who have not agreed to arbitrate; absent "a clear agreement" to do so, courts will not infer that the right to a jury trial has been waived.  (*Esparza v. Sand & Sea, Inc.* (2016) 2 Cal.App.5th 781, 787, 790.)  An agreement to arbitrate may be express or implied so long as it is written.  (*Harris v. Tap Worldwide, LLC, supra,* 248 Cal.App.4th at p. 383.)

Here, defendant submits a declaration by its former corporate recruiter, Adam Deer, who recruited plaintiff to Google.  Mr. Deer declares that, at his direction, a colleague emailed and mailed offer paperwork to plaintiff, including the "At Will Employment, Confidential Information, Invention Assignment and Arbitration Agreement" attached to his declaration.  The paperwork included an offer letter stating that employees are required to read the Agreement, "which provides for arbitration of all disputes arising out of your employment," and to sign it on

*Lee v. Google, Inc.*                                                                                                                    5
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*

1  their first day of employment.  Plaintiff never contacted Mr. Deer with any questions about or

2  objections to the arbitration agreement, and signed and returned her offer letter.

3         Google also submits a declaration by its "People Partner" Emily Takashima Wilson.  Ms.

4  Wilson declares that she is familiar with the contents of plaintiff's personnel file and is a

5  custodian of records for such files, which are kept and maintained in the normal course of

6  Google's business.  Plaintiff's file reflects that she accepted the Agreement with an electronic

7  signature on December 8, 2006.

8         While plaintiff declares that she does "not remember clicking through a Confidentiality

9  Agreement or seeing any arbitration clause," she does not dispute the authenticity or

10  admissibility of the evidence submitted by Google, which shows that she executed the

11  Agreement.  Google accordingly meets its burden to show there is an agreement to arbitrate.

12        Further, the Agreement covers this dispute.  In capital letters, section 15 of the

13  Agreement states that plaintiff agrees "that any and all controversies, claims, or disputes …

14  whether brought on an individual, group, or class basis, arising out of, relating to, or resulting

15  from my employment with the company or the termination of my employment with the

16  company, including any breach of this agreement, shall be subject to binding arbitration under

17  the arbitration rules set forth in California Code of Civil Procedure section 1280 through 1294.2

18  … pursuant to California law."  The Agreement expressly includes claims under FEHA, the

19  FMLA, and the CFRA.

20        The Agreement indicates that it also applies "to any disputes that the company may have

21  with me," and that any arbitration will be administered by Judicial Arbitration & Mediation

22  Services, Inc. ("JAMS") under its Employment Arbitration Rules & Procedures.  The arbitrator

23  shall award attorney fees and costs to the prevailing party, "except as prohibited by law."

24        In light of the above, Google has satisfied its initial burden in connection with this

25  motion.

26

27     B.  The Franken Amendment

28     "The 'Franken Amendment' is embodied in various regulations addressing Department of

Defense acquisitions."  (*Ashford v. PricewaterhouseCoopers, LLP* (D.S.C., July 18, 2018, No.

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*
6

1  3:18-CV-904-CMC-SVH) 2018 WL 3454783, at *7, fn. 12, citing 48 C.F.R. §§ 222.7402,

2  222.7403.)  Plaintiff contends that the Amendment prevents Google, as a defense contractor,

3  from compelling the arbitration of sexual harassment claims.  According to plaintiff, to avoid the

4  need for discovery on this issue, Google agreed to withdraw any argument that it is not a defense

5  contractor subject to the Franken Amendment.[1]

6      Google contends that, even if it is subject to the Franken Amendment, the Amendment

7  does not establish a defense to arbitration.  This argument is consistent with the context and plain

8  language of the Amendment, which provides that certain defense contractors must agree not to

9  enter into any agreement requiring employees to arbitrate "[a]ny claim under title VII of the

10  Civil Rights Act of 1964" or "[a]ny tort related to or arising out of sexual assault or harassment,

11  including assault and battery, intentional infliction of emotional distress, false imprisonment, or

12  negligent hiring, supervision, or retention," or to enforce any provision of an existing agreement

13  that mandates the arbitration of such claims.  (48 C.F.R. § 252.222-7006(b)(1).)  The amendment

14  does not provide that arbitration provisions executed or enforced in violation of this promise are

15  void, nor does it establish a remedy for violations in favor of employees.  Virtually every court

16  that has addressed the issue of whether the Franken Amendment provides a defense to arbitration

17  has indicated that it does not, and this Court comes to the same conclusion.[2]

18

19

20

---

21  [1] On reply, Google states that it offered to produce documents for plaintiff's review subject to an appropriate
protective order and review protocol, but the parties were unable to come to agreement on these issues.

22
23  [2] See *Ashford v. PricewaterhouseCoopers, LLP*, *supra*, 2018 WL 3454783, at *7 ("[T]he Franken Amendment does
not *prohibit employers* from mandating arbitration of Title VII claims.  It, instead, *prohibits certain government
entities from entering certain types of contracts* with entities that require employees to agree to arbitrate certain
24  claims as a condition of employment...."), italics original; *Harris v. Halliburton Company* (E.D. Cal., Aug. 9, 2016,
No. 116CV00281LJOJLT) 2016 WL 4204604, at *3, fn. 2 (citing cases for the proposition that "[c]ase law does not
25  support this assumption"); *Abbiati v. Lockheed Martin Information Technology* (Mass. App. Ct. 2014) 84 Mass.
App. Ct. 1129 (The Amendment "imposes neither substantive prohibitions on arbitration itself, nor deprives the
26  arbitrator of jurisdiction" and "does not create any rights or establish any procedures that inure to the benefit of civil
rights plaintiffs.  Rather, it precludes the government from doing business with contractors who mandate, as a
27  condition of employment, arbitration of certain civil rights claims by its employees.").  But see *Alim v. KBR, Inc.*
(N.D. Tex., Mar. 15, 2012, No. 3:11-CV-1746-N) 2012 WL 12857421, at *11 (where defendant did not move to
28  compel arbitration of Title VII claim, the court "agree[d] that the Franken Amendment governs Alim's Title VII
claim, and therefore the Title VII claim is nonarbitrable").

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*                    7

Plaintiff responds that, even if the Amendment does not provide her with a direct remedy, she remains entitled to its protections as a third party beneficiary of Google's defense contract or contracts. However, she provides no authority or argument to support this conclusion, and as already discussed, the Franken Amendment does not reflect an intent to provide employees with a remedy for violations. (See *Martinez v. Socoma Companies, Inc.* (1974) 11 Cal.3d 394, 402 [residents of East Los Angeles were not third party beneficiaries of contracts between corporations and the federal government for the training and employment of such persons; the "contracts manifest no intent that the defendants pay damages to compensate plaintiffs or other members of the public for their nonperformance"].)[3]

## C. Unconscionability

In *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, the California Supreme Court summarized the rules applicable to the unconscionability defense in a case involving an automobile sales contract. The Court described the general principles of the doctrine as follows:

> One common formulation of unconscionability is that it refers to an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. As that formulation implicitly recognizes, the doctrine of unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh and one-sided results. The prevailing view is that procedural and substantive unconscionability must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. But they need not be present in the same degree. Essentially a sliding scale is invoked [where] the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable and vice versa.

(*Sanchez, supra,* 61 Cal.4th at p. 910, internal citations and quotations omitted, italics original.)

---

[3] While not raised by the parties, the Court also observes that plaintiff's complaint asserts statutory claims other than the Title VII and tort claims that are subject to the Amendment.

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*

8

1      Plaintiff contends that the agreement at issue is both substantively and procedurally

2  unconscionable.  With respect to substantive unconscionability, she argues that the outcomes of

3  sex-based discrimination claims and harassment claims are substantially worse when those

4  claims are litigated in arbitration rather than in court, citing studies attached to her counsel's

5  declaration.[4]  Because women bring the vast majority of such claims, these circumstances

6  disproportionately impact women.  As urged by Google, however, under the Federal Arbitration

7  Act ("FAA"), arbitration provisions may not be invalidated "by defenses that apply only to

8  arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue,"

9  even when presented in the guise of an otherwise valid general contract defense such as

10  unconscionability.  (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339

11  ("*Concepcion*"); see also *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 962 [discussing

12  *Concepcion*].)  Although characterized as an unconscionability argument, the issue raised by

13  plaintiff is a defense that applies only to arbitration and/or derives its meaning from the fact that

14  an agreement to arbitrate is at issue.  Such a defense is not permissible under the FAA.[5]

15      Plaintiff further contends that the arbitration agreement is substantively unconscionable

16  because it provides for attorney fees to be awarded to the prevailing party "except where

17  prohibited by law."  Plaintiff contends that employees cannot be expected to interpret such

18  language, citing *Baker Pacific Corp. v. Suttles* (1990) 220 Cal.App.3d 1148 ("*Baker Pacific*").

19  *Baker Pacific*, however, invalidated a release that contained *no exception* for fraud and

20  intentional acts and thus violated California public policy.  The appellate court rejected the

21  defendant's argument that requiring employees to sign an invalid release was not contrary to law

22  because the release would not be enforced by the courts, noting that "[w]e cannot expect workers

23

24  [4] While the Court need not rule on Google's objections to evidence given the analysis above, it notes that these
    studies are not admissible for their truth as presented by plaintiff.

25

26  [5] Without providing any authority or analysis in support of this argument, plaintiff contends that because the
    agreement at issue states that it is governed by the California Code of Civil Procedure, the FAA and *Concepcion* do
    not apply in this case.  To the contrary, however, "[t]he FAA applies to any 'contract evidencing a transaction

27  involving commerce' that contains an arbitration provision."  (*Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th
    227, 238, quoting 9 U.S.C. § 2.)  Here, Google submits evidence showing the nature of its business and the scope of

28  plaintiff's work, which both have a substantial relationship to interstate commerce.  (See *id.* at pp. 238-241.)
    Plaintiff does not dispute that her work had a substantial relationship to interstate commerce, or even address this
    issue.

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*
9

generally to be cognizant of *judicial decisions* concerning the interpretation of exculpatory provisions within releases." (*Id.* at pp. 1154-1155, italics added.)  Here, the attorney fee provision on its face indicates that it will not apply in circumstances prohibited by law.  The provision is not unconscionable.  (See *Khraibut v. Chahal* (N.D. Cal., Mar. 18, 2016, No. C15-04463 CRB) 2016 WL 1070662, at *11 [while an arbitration agreement cannot purport to award attorney fees to a prevailing defendant where prohibited by law, a fee-shifting provision that required the arbitrator to adhere to California law in this regard was not unconscionable].)

As plaintiff fails to identify any element of substantive unconscionability in connection with the arbitration agreement, her opposition must fail, even assuming some amount of procedural unconscionability existed because her employment contract was not negotiated.  (See *Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1244 [a finding of procedural unconscionability does not mean that a contract will not be enforced, but rather that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided; adhesive employment contracts are scrutinized carefully, but to a lesser degree than contracts of adhesion that involve surprise or other sharp practices].)

The Court consequently finds that there is an enforceable agreement to arbitrate plaintiff's claims.

## V.  Conclusion and Order

Defendant's petition to compel arbitration is GRANTED.  The action is stayed pending completion of arbitration.

IT IS SO ORDERED.

Dated: _9-14-18_

_____
Honorable Brian C. Walsh
Judge of the Superior Court

*Lee v. Google, Inc.*
*Superior Court of California, County of Santa Clara, Case No. 18CV323651*
*Order After Hearing on September 14, 2018 [Petition by Defendant Google, Inc. to Compel Arbitration or Stay Action]*

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 9/17/2018 8:51 AM
Reviewed By:R. Walker
Case #18CV323651
Env #1949004

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 4400 Bohannon Drive, Suite 230, Menlo Park, California 94025.

On September 17, 2018, I served the within document(s):

**NOTICE OF ENTRY OF ORDER**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒   by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐   by causing electronic service transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Richard A. Hoyer, Esq.
Ryan L. Hicks, Esq.
Sean D. McHenry, Esq.
Nicole B. Gage, Esq.
HOYER & HICKS
4 Embarcadero Center, Suite 1400
San Francisco, CA  94114

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 17, 2018, at Menlo Park, California.  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

LYNETTE POLA

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

1

CASE NO. 18CV323651

PROOF OF SERVICE

EXHIBIT Q

1  David M. Ring (State Bar No. 151124)
   Brendan P. Gilbert (State Bar No. 274631)
2  **TAYLOR & RING**
   1230 Rosecrans Ave., Suite 360
3  Manhattan Beach, CA 90266
   Tel: 310/209-4100
4

5

   **Attorneys for Plaintiff,**
6  JANE DOE

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10                           BC 6 9 1 4 9 4

11  JANE DOE, an individual,                )   Case No.:
                                            )
12              Plaintiff,                  )   **COMPLAINT FOR DAMAGES:**
                                            )
13          -vs.-                           )   1.  **SEXUAL ASSAULT AND**
                                            )       **BATTERY**
14                                          )
    UNIVERSITY OF SOUTHERN                  )
15  CALIFORNIA, an entity of unknown form;  )   2.  **INTENTIONAL INFLICTION OF**
    DAVID CORRAL, an individual;            )       **EMOTIONAL DISTRESS**
16  and DOES 1-20, Inclusive,               )
                                            )
17              Defendants.                 )   3.  **NEGLIGENT INFLICTION OF**
                                            )       **EMOTIONAL DISTRESS**
18                                          )
                                            )
19                                          )   4.  **WRONGFUL TERMINATION –**
                                            )       **CONSTRUCTIVE DISCHARGE**
20                                          )
                                            )
21                                          )   5.  **HARASSMENT IN VIOLATION OF**
                                            )       **FEHA (GENDER/SEXUAL**
22                                          )       **HARASSMENT)**
                                            )
23                                          )
                                            )   **(DEMAND FOR JURY TRIAL)**
24  _____)

25

26          Plaintiff JANE DOE hereby complains and alleges as follows:

27  ///

28  ///

                                    1

                        **COMPLAINT FOR DAMAGES**

16 /

X

BC691494
1/29/18 11:47A
CCH505376033
$435. Check

01/29/2018

## GENERAL ALLEGATIONS

1.    Plaintiff JANE DOE ("Plaintiff") is a victim of sexual assault and battery.  As such, she is entitled to protect her identity in this public filing by not disclosing her full name. Plaintiff is currently a resident of the County of Los Angeles, State of California.

2.    Defendant UNIVERSITY OF SOUTHERN CALIFORNIA ("USC"), business of unknown form, is, and at all relevant times was, doing business in the City of Los Angeles.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant DAVID CORRAL ("CORRAL") is, and at all relevant times was, an individual who resides in the City of Los Angeles.

4.    Jurisdiction and venue are proper in the Superior Court of Los Angeles County because it is where the incident occurred, and where USC is located and CORRAL resides.

5.    The true names and capacities of Defendants DOES 1 through 20, whether an individual, business, corporation, or some other entity, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of Court to amend the complaint to assert the true names, identities and capacities, together with the proper charging allegations.

6.    Each of the Defendants designated herein as a DOE was the agent and employee of each of the remaining defendants and was at all times acting within the course and scope of such agency and employment with the full knowledge, consent, authority, ratification and/or permission of each of the remaining defendants.

7.    Wherever appearing in this complaint, each and every reference to Defendants, or any of them, is intended to include, and shall be deemed to include, all fictitiously named defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.    On November 9, 2017, Plaintiff received a Notice of Case Closure and Right to Sue from the Department of Fair Employment and Housing related to CORRAL's sexual harassment of Plaintiff which is explained in more detail below.

2

**COMPLAINT FOR DAMAGES**

## FACTS COMMON TO ALL CAUSES OF ACTION

9.      In June 2016, Plaintiff began working for USC's Food Service Department as a Food Service Supervisor.  This job involved providing catering for the entire USC Campus, sometimes even 30 deliveries in one day.  Plaintiff would oversee student employees putting the deliveries together and coordinate the deliveries themselves. At this time, CORRAL was the Assistant Director for Financial Services at USC and he oversaw the Food Services Department.

10.      In October 2016, Plaintiff's immediate supervisor was transferred to a new position at USC.  This resulted in Plaintiff having to now directly report to CORRAL for her job.  During the month of November, CORRAL started to make Plaintiff feel uncomfortable by taking an inappropriate interest in her.  For example, CORRAL would come by Plaintiff's office constantly to try and talk about things unrelated to their work.  He would also make comments to Plaintiff about how she looked in an effort to flirt with her.  CORRAL also began sending Plaintiff text messages about non-work things, including texting her during the holidays.  Plaintiff was uncomfortable with CORRAL texting her, but did not want to upset her now immediate supervisor, so she would respond with the shortest messages possible while remaining polite.

11.      In December 2016, Plaintiff attended a work Christmas party that CORRAL was also at.  During the party, CORRAL was constantly near and around Plaintiff, and eventually made advances toward her that made her feel uncomfortable, including attempting to get Plaintiff to leave the party with him in an Uber.  Plaintiff politely declined this invitation by CORRAL and left the party on her own.

12.      Following the Christmas Party, CORRAL continued to make advances towards Plaintiff that made her uncomfortable.  CORRAL would regularly ask Plaintiff to get lunch with him and continue to text her when she was off work, including during Christmas Break.  This behavior continued through January 2017.

13.      During the week of January 22, 2017, CORRAL asked Plaintiff to go to dinner with him on Friday January 27, 2017, saying that he wanted to discuss "career advancement" opportunities. Plaintiff declined this invitation because she did not feel that attending dinner with her supervisor was appropriate, especially on a Friday night.  Despite this, CORRAL persisted, asking Plaintiff instead to

3

**COMPLAINT FOR DAMAGES**

1    go out to dinner with him on Wednesday, January 25, 2017. Due to this continuing pressure, and

2    because she was concerned that not going may negatively impact her job status, Plaintiff reluctantly

3    agreed to go to dinner with CORRAL that night. Even though she agreed to go, Plaintiff was dreading

4    this dinner with CORRAL.

5        14.    On January 25, CORRAL insisted Plaintiff take an UBER with him from work to the

6    restaurant where they were going to have dinner. On the way to the restaurant, CORRAL began

7    touching Plaintiff's shoulder in a way that made her uncomfortable. As a result, Plaintiff began

8    feeling nervous and anxious about the dinner but was determined to try and keep it professional.

9    CORRAL and Plaintiff arrived at the restaurant around 6:00 p.m. They both ate dinner and consumed

10   alcohol while talking about work. However, about an hour later, Plaintiff blacked out. From that

11   point up until about 11:00 p.m., Plaintiff lost consciousness and doesn't remember anything that

12   happened.

13       15.    Upon regaining consciousness, Plaintiff woke up to CORRAL sexually assaulting her

14   in her bedroom. Plaintiff in no way consented to this sexual assault, as it was entirely unwelcome and

15   unwanted by her. In a state of shock and panic, Plaintiff immediately told CORRAL to stop what he

16   was doing and to leave her place immediately. Plaintiff sought treatment the following day and

17   CORRAL's misconduct was reported to law enforcement.

18       16.    After the sexual assault, Plaintiff felt extremely uncomfortable returning to work

19   because CORRAL was still employed in his capacity as her supervisor.

20       17.    Plaintiff sought therapy and counseling in an effort to return to her employment, but the

21   experience was so traumatic, Plaintiff could not return. As a result, Plaintiff was constructively

22   discharged on January 25, 2017, her last day of work prior to the assault, from USC due to CORRAL's

23   outrageous and criminal behavior. Plaintiff simply did not feel comfortable returning to work given

24   that CORRAL was still her immediate supervisor.

25       18.    After the assault, Plaintiff reported CORRAL's misconduct to USC's human resources

26   and an investigation was undertaken. As a result of this investigation, USC's Office of Equity and

27   Diversity found that CORRAL violated USC's policy against sexual harassment and assault as result

28   of his misconduct towards Plaintiff.

4

**COMPLAINT FOR DAMAGES**

19.     Because of the assault, Plaintiff was never able to bring herself to return to USC for work.  She has undergone therapy and treatment to help her cope with what happened, but remains traumatized by CORRAL's misconduct to this day.

## FIRST CAUSE OF ACTION
### SEXUAL ASSAULT AND BATTERY
**(On Behalf of Plaintiff and Against Defendant CORRAL and DOES 1-10)**

20.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19.

21.     Defendant CORRAL's misconduct described above was intentional and sexually offensive, constituting sexual assault and battery under California Civil Code section 1708.5, as he acted with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff, and a sexually offensive contact with Plaintiff directly resulted.  Plaintiff did not consent to this sexually offensive contact, nor did she welcome it.

22.     As a direct and legal result of CORRAL's misconduct, Plaintiff suffered injuries including, but not limited to, physical injuries, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

23.     In committing the despicable acts described above, CORRAL acted with willfulness, malice, and oppression, justifying an award of punitive damages against him.

## SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(On Behalf of Plaintiff and Against Defendant CORRAL and DOES 1-10)**

24.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23.

5

**COMPLAINT FOR DAMAGES**

25.     As described above, CORRAL's sexual assault and battery of Plaintiff was extreme and outrageous conduct that was beyond all bounds of decency tolerated by society.  This conduct was done with the intention to cause, or with reckless disregard of the probability of causing, Plaintiff to suffer emotional distress.  As a result, Plaintiff suffered severe and enduring emotional distress which was actually and proximately caused by CORRAL's extreme and outrageous conduct.

26.     As a direct and legal result of CORRAL's misconduct, Plaintiff suffered injuries including, but not limited to, physical injuries, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

27.     In committing the acts described herein, Defendant CORRAL acted with willfulness, malice, and oppression, justifying an award of punitive damages against him.

## THIRD CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

#### (On Behalf of Plaintiff and Against Defendant CORRAL and DOES 1-10)

28.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 27.

29.     Defendant CORRAL owed a duty to Plaintiff not to cause a sexual and offensive touching of her body.  Because this touching occurred, CORRAL breached this duty of care and thus, acted negligently.

30.     As a result of CORRAL's negligence, Plaintiff suffered serious emotional distress.

31.     CORRAL's negligence was a substantial factor in causing Plaintiff to suffer serious emotional distress.

32.     At all relevant times herein, CORRAL acted so negligently, carelessly, wrongfully, recklessly, and tortiously towards Plaintiff, so as to be a substantial factor and legal cause of the injuries and damages alleged in the complaint.

6

**COMPLAINT FOR DAMAGES**

33.     As a direct and legal result of CORRAL's negligence, Plaintiff suffered injuries including, but not limited to, physical injuries, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION - CONSTRUCTIVE DISCHARGE

**(On Behalf of Plaintiff and Against All Defendants and DOES 11-20)**

34.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33.

35.     As mentioned above, Plaintiff and USC had an employment relationship.  USC promised, by words and conduct, to discharge Plaintiff only for good cause.  Plaintiff substantially performed her job duties in furtherance of her employment with USC.

36.     USC, through its officers, directors, managing agents, and/or supervisory employees, intentionally created, or knowingly permitted, working conditions to exist that were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign. These intolerable working conditions were created as a direct result of CORRAL's sexual harassment and assault of Plaintiff, and the fact that following the assault, he remained her immediate supervisor.

37.     Plaintiff was forced to resign (i.e., was constructively discharged) because of these intolerable working conditions.  As a result of this resignation, Plaintiff was harmed by her loss of employment.

38.     As a direct and legal result of Plaintiff's constructive discharge, Plaintiff suffered injuries including, but not limited to, physical injuries, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

///

7

**COMPLAINT FOR DAMAGES**

# FIFTH CAUSE OF ACTION

## HARASSMENT IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT

## (GENDER/SEXUAL HARASSMENT)

### (On Behalf of Plaintiff and Against All Defendants and DOES 11-20)

39.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38.

40.     At the time of the incident detailed above, Plaintiff was an employee of USC.

41.     At the time of the incident detailed above, there was a professional and employment relationship between Plaintiff and CORRAL given that he was her immediate supervisor.

42.     As detailed above, Plaintiff was subjected to unwelcome sexual advances and conduct by CORRAL, clearly constituting harassment.  Plaintiff was subjected to this unwanted harassment because she is a female.  This harassing conduct was severe.

43.     CORRAL's harassment of Plaintiff was so severe that a reasonable woman in Plaintiff's circumstances would have considered her work environment to be hostile and/or abusive. Further, Plaintiff considered her work environment to be hostile and/or abusive following CORRAL's harassment.

44.     As a result of CORRAL's harassment, Plaintiff was harmed.  Further, CORRAL's harassment was a substantial factor in causing Plaintiff's harm.

45.     As a direct and legal result of the acts of Defendants, and each of them, as alleged herein, Plaintiff suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

46.     In committing the despicable acts described above, CORRAL acted with willfulness, malice, and oppression, justifying an award of punitive damages against him and USC.

///

///

///

8

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JANE DOE prays for judgment against Defendants UNIVERSITY OF SOUTHERN CALIFORNIA, DAVID CORRAL and DOES 1 through 20 as follows:

1.  For an award of special and general damages according to proof;

2.  For punitive damages against DAVID CORRAL (1st, 2nd, and 5th causes of action);

3.  For punitive damages against UNIVERSITY OF SOUTHERN CALIFORNIA (5th cause of action);

4.  For reasonable attorneys' fees and costs pursuant to statute (4th and 5th causes of action);

5.  For prejudgment interest, according to proof; and

6.  For such other and further relief as the Court deems just and proper.

Dated: January 29, 2018

TAYLOR & RING

By: 

David M. Ring
Brendan P. Gilbert
Attorneys for Plaintiff

9

## DEMAND FOR JURY TRIAL

Plaintiff JANE DOE hereby demands that this action be determined by trial by jury.

Dated: January 29, 2018

TAYLOR & RING

By: _____
David M. Ring
Brendan P. Gilbert
Attorneys for Plaintiff

10

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David M. Ring -- #151124<br>TAYLOR & RING<br>1230 Rosecrans Avenue<br>Suite 360<br>Manhattan Beach, CA  90266<br>TELEPHONE NO.: (310) 209-4100   FAX NO.: (310) 208-5052<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>JAN 29 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Glorietta Robinson |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: JANE DOE vs. UNIVERSITY OF SOUTHERN CALIFORNIA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 691494 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* FIVE
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 29, 2018

David M. Ring -- #151124
_____ ▶ _____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

| SHORT TITLE: J | CASE NUMBER |
|---|---|
| ANE DOE vs. UNIVERSITY OF SOUTHERN CALIFORNIA | |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

LA-CV109

| SHORT TITLE: JANE DOE vs. UNIVERSITY OF SOUTHERN CALIFORNIA | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: J | | CASE NUMBER |
|---|---|---|
| ANE DOE vs. UNIVERSITY OF SOUTHERN CALIFORNIA | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: J<br>ANE DOE vs. UNIVERSITY OF SOUTHERN CALIFORNIA | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: 3551 Trousdale Pkwy |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90089 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u>                District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>Jan. 29, 2018</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

DAVID M. RING

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4