1  JULIE ARIAS YOUNG (State Bar No. 168664)
2  jyoung@yzllp.com
   VICKY H. LIN (State Bar No. 253767)
3  vlin@yzllp.com
4  PUNEET K. SANDHU (State Bar No. 254726)
   psandhu@yzllp.com
5  YOUNG & ZINN LLP
6  1150 South Olive Street, Suite 1800
   Los Angeles, California 90015
7  Telephone: (213) 362-1860
8  Facsimile: (213) 362-1861

9  Attorneys for Defendant
10 UNIVERSITY OF SOUTHERN CALIFORNIA

11

12                  UNITED STATES DISTRICT COURT

13       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15 DOE;                              Case No. 2:20-cv-06098 JAK (AGRx)

16     Plaintiff,                    **DEFENDANT UNIVERSITY OF**
17                                    **SOUTHERN CALIFORNIA'S REPLY**
                                      **MEMORANDUM OF POINTS AND**
18  v.                               **AUTHORITIES IN SUPPORT OF ITS**
                                      **MOTION TO COMPEL**
19 UNIVERSITY OF SOUTHERN            **ARBITRATION OF PLAINTIFF'S**
20 CALIFORNIA, a California Not-for- **FIRST AMENDED COMPLAINT AND**
   Profit Corporation; DOES 1 through **TO DISMISS OR STAY ACTION**
21 20.

22                                    Date:  July 19, 2021
     Defendants.                      Time: 8:30 a.m.
23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................ 6

II.   LEGAL ARGUMENT ................................................................ 6

    A.   The Agreement Is Valid And Supported By Consideration. .............. 6

    B.   The FAA Governs The Arbitration Agreement. ................................ 7

    C.   Doe's Claims Are Not Exempt From Arbitration. .............................. 8

    D.   The Agreement Complies With *Armendariz*. ................................... 9

    E.   The Franken Amendment Is Not A Defense To Arbitration. ........... 11

    F.   Doe Fails to Show Fraudulent Inducement. ..................................... 12

    G.   The Agreement Is Not Unconscionable. ........................................... 13

        1.   There Is No Procedural Unconscionability. ........................... 13

        2.   The Agreement Is Not Substantively Unconscionable. .......... 13

    H.   Enforcement Of The Arbitration Is Not Against Public Policy ........ 14

    I.   The FAA Preempts State Laws. ....................................................... 15

III.  CONCLUSION ........................................................................ 15

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page(s)</u>

3
### <u>Federal Cases</u>

4
*Allied Bruce Terminix Cos. v. Dobson,*

5
    513 U.S. 265 (1995) ...................................................................................15

6
*Asfaw v. Lowe's HIW, Inc.,*
    2014 WL 1928612 (C.D. Cal. 2014) ..........................................................7, 8

7

8
*AT&T Mobility LLC v. Concepcion,*
    563 U.S. 333 (2011) ...............................................................................14, 15

9
*Biller v. Toyota Motor Corp.,*
    668 F.3d 655 (9th Cir. 2012) ........................................................................8

10

11
*Blount v. N. Grumman Info. Tech. Overseas, Inc.,*
    2014 WL 5149704 (E.D. Va. Oct. 14, 2014) ...............................................11

12
*Circuit City Stores, Inc. v. Adams,*

13
    532 U.S. 105 (2001) ......................................................................................8

14
*Circuit City v. Najd,*
    294 F.3d 1104 (9th Cir. 2002) ......................................................................7

15
*Epic Systems Corp. v. Lewis,*

16
    138 S.Ct. 1612 (2018) .................................................................................14

17
*Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea,*
    838 F.2d 395 (9th Cir. 1988) ......................................................................15

18

19
*Ferguson v. Corinthian Colls.,*
    733 F.3d 928 (9th Cir. 2013) ......................................................................15

20
*Grabowski v. Robinson,*
    817 F.Supp.2d 1159 (S.D. Cal. 2011) ........................................................14

21

22
*Harris v. Halliburton Co.,*
    2016 WL 4204604 (E.D. Cal. 2016) ...........................................................11

23
*Harshbarger v. CSX Transp,*

24
    478 F.Supp.2d 890 (S.D.W.Va. 2006) ........................................................12

25
*In re Lares,*
    188 F.3d 1166 (9th Cir. 1999) .....................................................................11

26
*Ingle v. Circuit City Stores, Inc.,*

27
    328 F.3d 1165 (2003) .................................................................................14

28

3

*Federal Cases, cont.,*

*Kilgore v. KeyBank Nat'l Ass'n,*
    718 F.3d 1052 (9th Cir. 2013)...............................................13

*Monster Energy Co. v. City Beverages, LLC,*
    2021 WL 650275 (C.D. Cal. Feb. 17, 2021).......................................9

*Phifer v. Mich. Sporting Goods Distrib., Inc.,*
    2010 WL 3609376 (W.D. Mich. 2010)...........................................11

*Pokorny v. Quixtar, Inc.,*
    601 F.3d 987 (9th Cir. 2010).............................................10

*Prima Paint v. Flood & Conklin,*
    388 U.S. 395 (1967) .......................................................15

*Quevedo v. Macy's, Inc.,*
    798 F.Supp.2d 1122 (C.D. Cal. 2011).......................................13

*Rains v. Criterion Sys.,*
    80 F.3d 339 (9th Cir. 1996).............................................12

*Simula, Inc. v. Autoliv, Inc.,*
    175 F.3d 716 (9th Cir. 1999).............................................7

*Stanley v. Trustees of California State Univ.,*
    433 F.3d 1129 (9th Cir. 2006).............................................9

*W. Coast Hotel v. Parrish,*
    300 U.S. 379 (1937) .......................................................15

**California Cases**

*Armendariz v. Foundation Health Psychcare Servs.,*
    24 Cal.4th 83 (2000).................................................6, 9, 10

*Bihun v. AT&T Info. Sys. Inc.,*
    13 Cal.App.4th 976 (1993).................................................12

*Casas v. Carmax Auto Superstores Cal. LLC,*
    224 Cal.App.4th 1233 (2014).................................................14

*Dotson v. Amgen,*
    181 Cal.App.4th 975 (2010).................................................9

*Engalla v. Permanente Med. Grp., Inc.,*
    15 Cal.4th 951 (1997).................................................12

*Epstein v. Vision Serv. Plan,*
    56 Cal.App.5th 223 (2020).................................................14

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION
TO FIRST AMENDED COMPLAINT

*California Cases, cont.,*

*Guz v. Bechtel Nat. Inc.,*
24 Cal.4th 317 (2000)................................................................................12

*Lagatree v. Luce, Forward, Hamilton & Scripps LLP,*
74 Cal.App.4th 1105 (2000)......................................................................13

*Lane v. Francis Capital Mgmt. LLC,*
224 Cal.App.4th 676 (2014)......................................................................13

*Midwest Motor Supply Co. v. Sup Ct.,*
56 Cal.App.5th 702 (2020)........................................................................15

*Ramos v. Sup. Court,*
28 Cal.App.5th 1042 (2018)......................................................................13

*Victrola 89 v. Jaman Properties 8 LLC,*
46 Cal.App.5th 337 (2020)..........................................................................8

**Federal Statutes**

9 U.S.C. § 4...................................................................................................7

Fed. R. Civ. P. 56........................................................................................14

**California Statutes**

Cal. Civ. Code § 3291.................................................................................12

Cal. Gov. Code § 12964.5...........................................................................15

Cal. Lab. Code § 432.5...............................................................................15

Cal. Lab. Code § 432.6...............................................................................15

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION
TO FIRST AMENDED COMPLAINT

I.     **INTRODUCTION**

Plaintiff Doe's ("Doe") untimely[1] opposition fails to refute USC's arguments or undermine the enforceability of the Arbitration Agreement ("Agreement"). Doe accepted the Agreement. It contains consideration, is subject to the Federal Arbitration Act ("FAA"), complies with *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal.4th 83 (2000), and covers all of Doe's claims. Moreover, Doe's defenses to the Agreement fail: the Franken Amendment is not a defense to arbitration; USC made no fraudulent misrepresentations about the Agreement; Doe fails to establish that there is *both* procedural and substantive unconscionability; and enforcement of the Agreement is not against public policy. Thus, the Court should order this matter to arbitration.

II.     **LEGAL ARGUMENT**

    A.     **The Agreement Is Valid And Supported By Consideration.**

Doe argues that USC has failed to establish the existence of an enforceable arbitration agreement. Not so. As set forth in the Motion (ECF 55-1, 14:21-16:10): (1) on February 12, 2018, Doe read the Agreement (ECF 65-1, ¶ 12); (2) on February 13, 2018 at 12:35 pm, Doe checked "OK" and "I Agree" on the Workday page for the Agreement (ECF 55-4, ¶¶ 5-9, Exs. F-G); and (3) five minutes later, at 12:40 pm, Doe sent an email to USC Recruiter Yanara Portero confirming "***I've accepted the documents in Workday***." (ECF 55-5, ¶ 2, Ex. H [emphasis added]). Doe fails to dispute these facts, which establish her acceptance of the Agreement. Doe cannot overcome this evidence by asserting that she cannot now recall her actions. *See* ECF 55-1 – Motion, 15:1-5 and 15:7-11.

Doe contends that the signature statement included above the "I Agree" box is misleading because it states that the parties are waiving their right to a jury trial. This is unpersuasive. First, Doe presents no evidence that *she* found it to be misleading at the time she clicked "I Agree." Second, *within 5 minutes* of clicking "I Agree," Doe

---

[1] The opposition was due on June 21, 2021. ECF 61. Doe filed on June 22, 2021.

1   confirmed her acceptance of the Agreement (not just the signature statement) in the

2   email to Portero, stating "***I've accepted the documents***[.]" ECF 55-5, Ex. H

3   (emphasis added). Doe's contemporaneous email shows that she understood she was

4   accepting the Agreement, not just a jury trial waiver. This email and Peter Fennema's

5   authenticating declaration (ECF 55-4, ¶¶ 2-9) undermines Doe's hearsay argument.

6   And, notably, Doe failed to address USC's argument that Doe *also* accepted the

7   Agreement when she accepted USC's offer of employment. ECF 55-1, 16:2-10.

8        Doe's argument that the Agreement is not supported by adequate consideration

9   is also not well taken. Doe and USC promised "that final and binding arbitration shall

10  be the sole and exclusive remedy for resolving any claims covered by this

11  Agreement[.]" ECF 55-3, Ex B at ¶ 4. This mutual promise is adequate consideration.

12  *Circuit City v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) (employer's "promise to be

13  bound by the arbitration process itself serves as adequate consideration"); *Asfaw v.*

14  *Lowe's HIW, Inc.*, 2014 WL 1928612 at *3 (C.D. Cal. 2014) ("There was also valid

15  consideration … [because] the parties mutually agreed to submit to arbitration").

16       Similarly, a review of the Agreement shows that Doe's arguments that it is

17  "prolix," "dense," or "small-type," or "misleading" in content are simply not true,

18  nor does Doe claim she could not understand it. The Agreement is a stand-alone,

19  two-page document in 11-point font. Its language can be easily understood by a

20  layperson, let alone an experienced attorney like Doe.[2]

21       **B.    The FAA Governs The Arbitration Agreement.**

22       Doe's arguments that the FAA does not apply to this Agreement are unavailing.

23  First, the Agreement expressly provides that the FAA applies. ECF 55-1– Motion,

24  _____

25  [2] Doe's argument that the Court should not rule on this Motion because of Plaintiff's
    pending discovery motion is meritless. The Court has sufficient evidence regarding

26  Doe's acceptance of the Agreement and its terms. *Simula, Inc. v. Autoliv, Inc.*, 175

27  F.3d 716, 726 (9th Cir. 1999) (permitting discovery only if the making of the
    arbitration agreement is in dispute). Similarly, since the making of the Agreement is

28  not in dispute, there are no grounds for a jury trial under FAA § 4. *See* 9 U.S.C. § 4.

DEFENDANT'S REPLY MEMO. OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL ARBITRATION
TO FIRST AMENDED COMPLAINT

1  12:23-13:5. Doe's attempt to distinguish *Victrola 89 v. Jaman Properties 8 LLC*, 46
2  Cal.App.5th 337 (2020) and *Biller v. Toyota Motor Corp.*, 668 F.3d 655 (9th Cir.
3  2012) because they did not address unconscionability misses the mark. That issue is
4  irrelevant to their holding that the FAA applies when an agreement so provides.

5    Second, as this Court has previously ruled, "[a]n employment contract is
6  considered a 'contract evidencing a transaction involving commerce,' and is
7  therefore covered by the FAA." *Asfaw*, 2014 WL 1928612, at *2.

8    Third, Doe effectively concedes that the FAA governs the Agreement by
9  arguing that Doe and other USC employees are engaged in interstate commerce. ECF
10  65, 22:9-14. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113 (2001) (Section 2's
11  language ("involving commerce") is broader than "engaged in commerce").

12    Finally, the narrow exemption in FAA § 1 does not apply. Doe's arguments
13  otherwise have been resoundingly rejected by the Supreme Court. In *Circuit City,*
14  *532 U.S. 105,* the Supreme Court held that: (1) Section 1 addressed Congress'
15  "concern with ***transportation workers and their necessary role in the free flow of***
16  ***goods***;" and (2) "Section 1 exempts from the FAA ***only*** employment contracts of
17  ***transportation workers***," which Doe is not. *Id.* at 119, 121 (emphasis added).

18    ### C.    Doe's Claims Are Not Exempt From Arbitration.

19    The Agreement covers "all claims" "including but not limited to: (1) "claims
20  for personal, physical, or emotional injury;" and (2) "claims for discrimination or
21  harassment." ECF 55-3 – Thompson Decl., Ex. B at ¶ 2. Contrary to Doe's arguments,
22  the 3rd and 4th claims (Title IX discrimination/retaliation) and 5th claim (negligent
23  hiring, supervision, retention) are not exempt from arbitration under Paragraph 3 of
24  the Agreement because they are *neither* "tort claims" that "are related to or arising out
25  of sexual assault or harassment" *nor* "claims brought under Title VII." *Id.* at ¶ 3. Doe
26  does not allege that she was the victim of sexual harassment or assault, but rather that
27  she opposed USC's Title IX investigative procedures. ECF 51 - First Amended
28  Complaint ("FAC") ¶¶ 65-70, 84-89, 138-142. Doe's attempt to shoehorn these claims

1  into the exemption contradicts the Agreement's plain language.[3]

2        **D.**    **The Agreement Complies With *Armendariz*.**

3        Contrary to Doe's arguments otherwise, the Agreement complies with

4  *Armendariz*. Doe argues that JAMS, the world's largest private alternative dispute

5  resolution (ADR) provider, (www.jamsadr.com/about/), is not a neutral forum.

6  However, the Opposition fails to address any of the points in USC's Motion refuting

7  Doe's arguments and establishing that JAMS is a neutral forum. ECF 55-1, 23:16-

8  25:8.[4] Thus, Doe has effectively conceded this issue.

9        Doe's discovery argument is also meritless. First, *Armendariz* permits

10  discovery limitations provided the parties can conduct discovery "necessary to

11  vindicate [their] claim[s]." 24 Cal.4th at 105-106, fn. 11. The Agreement and JAMS

12  Rules provide for such discovery. ECF 55-1 - Motion, 22:10-28.[5] Second, Doe

13  provides no authority for her argument that the scope of an arbitrator's pre-hearing

14  subpoena powers over third parties is relevant to the enforceability analysis; in any

15  case, the Agreement is silent regarding subpoena powers. Third, USC has addressed

16  why Doe's spurious allegations of evidence falsification, suppression, and spoliation

17  

---

18  [3] *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129 (9th Cir. 2006) does

19  not reclassify the Title IX claim as a tort claim. It simply "borrowed" California's

20  statute of limitations for personal injury because "Title IX does not expressly
provide any statute of limitations." *Id.* at 1134.

21  [4] Lipski's declaration incorrectly states that USC used JAMS for 123 arbitrations, 68

22  mediations, and 18 consumer arbitrations in the past 5 years. ECF 65-3, ¶ 6. JAMS
administered and completed 35 arbitrations involving USC in the past 5 years. Reply

23  Decl. of Vicky Lin ("Reply Lin Decl.") ¶¶ 2-7, Ex. P. In any event, none of this bars
arbitration. *E.g.*, *Monster Energy Co. v. City Beverages*, No. 5:17-cv-00295-RGK-

24  KK, 2021 WL 650275 at *3 (C.D. Cal. Feb. 17, 2021) (ordering arbitration before
JAMS, when Monster Energy used JAMS 186 times). Reply Lin Decl. ¶ 8, Ex. Q.

25  [5] That the Agreement has the arbitrator take into account the parties' desire for a fast

26  and cost-effective dispute mechanism in permitting discovery is *consistent* with

27  *Armendariz*. *Dotson v. Amgen*, 181 Cal.App.4th 975, 983 (2010) ("[A]rbitration is
meant to be a streamlined procedure"). Doe fails to provide any authority to support

28  the contention that such language is unconscionable.

1 | are immaterial to the issue of substantive unconscionability. *See* ECF 55-1, 23:1-15.

2 |     The Agreement's provision for a "written, reasoned opinion," by itself and

3 | with JAMS Rule 24(h), is consistent with *Armendariz,* 24 Cal.4th at 107 ("an

4 | arbitrator … must issue a written arbitration decision that will reveal, however

5 | briefly, the essential findings and conclusions on which the award is based.").

6 | Plaintiff fails to identify or establish any conflict otherwise.

7 |     The Agreement also complies with *Armendariz*'s rule that an employee not

8 | "bear any type of expense that the employee would not be required to bear if he or

9 | she were free to bring the matter in court." 24 Cal.4th at 110–111. It limits the

10 | employee's payment to JAMS to a "share of the arbitrator's fee that is ***no more than***

11 | ***the then-current filing fee in the California Superior Court***...." ECF 55-3 –

12 | Thompson Decl., Ex. B at ¶ 5. The provision that each party "shall each bear their

13 | own costs relating to the arbitration and their own attorneys' fees, ***except as***

14 | ***otherwise provided by law***" (*Id.* [emphasis added]) simply confirms that each party

15 | is responsible for its own attorneys' fees—exactly as they would be in court. The

16 | "except as otherwise provided by law" language preserves Doe's statutory right to

17 | recover attorneys' fees and costs if his/her claims are ultimately successful. *Pokorny*

18 | *v. Quixtar, Inc.*, 601 F.3d 987, 1004 (9th Cir. 2010) is inapposite because, unlike in

19 | that case, the Agreement does not provide that the Arbitrator "shall" award costs and

20 | fees to the prevailing party regardless of what the applicable law provides.

21 |     Inconsistently, Doe also complains that the Agreement provides that the

22 | Arbitrator "shall award all the remedies to which the prevailing party is legally

23 | entitled, including attorneys' fees and/or litigation costs if recoverable under

24 | applicable law." ECF 55-3 – Thompson Decl., Ex. B at ¶ 8. That is precisely what

25 | *Armendariz* requires. 24 Cal.4th at 102 ("an arbitration agreement may not limit

26 | statutorily imposed remedies such as punitive damages and attorney fees.").[6]

27 |

28 | [6] Doe argues that this provision constitutes "cost-shifting for arbitration-related

**E.      The Franken Amendment Is Not A Defense To Arbitration.**

Doe's reliance on the Franken Amendment as a defense to arbitration fails. First, courts have held that the Franken Amendment does *not* create a defense to arbitration by private civil litigants. *See, e.g., Harris v. Halliburton Co.*, 2016 WL 4204604, at \*3 n. 2 (E.D. Cal. 2016); *Phifer v. Mich. Sporting Goods Distrib., Inc.*, 2010 WL 3609376, at \*7 (W.D. Mich. 2010).

Second, the Agreement includes language consistent with the Franken Amendment's plain meaning.[7] *See* Motion, 26:6-11; *Blount v. N. Grumman Info. Tech. Overseas, Inc.*, 2014 WL 5149704, \*4 (E.D. Va. Oct. 14, 2014) ("sexual assault or harassment" means claims of "sexual assault" or "sexual harassment.")

Third, Doe's argument that the Franken Amendment prohibits arbitration of claims under FEHA and Title IX simply because they are consistent with Title VII is meritless. Doe has not alleged any claims under FEHA or Title VII in this case.[8] This argument is contrary to the plain language of the Franken Amendment, which expressly covers Title VII and does not reference FEHA or Title IX.[9] That Title VII and FEHA each "independently espouses the same public policy" does not mean that bringing a FEHA claim is the same as bringing a Title VII claim. *See Rains v.*

_____

motion practice." Opp., 15:19-23, 30:10-11. The Agreement is clear, however, that there will be no cost-shifting except as the parties would be legally entitled in court.
[7] Doe argues that "tort claim" improperly modifies "any tort" without any authority or analysis. Doe fails to address USC's arguments otherwise. ECF 55-1, 25:21-26:1.
[8] Doe cites an inapposite trial court ruling in *Jane Doe v. USC*, LASC No. BC691494 denying arbitration of a FEHA sex harassment claim. ECF 65-3, Ex. 11. Unlike Doe, Jane Doe alleged that she was sexually harassed and assaulted. USC's Reply Request for Judicial Notice, Ex R, ¶¶ 9-15, 20-23. Moreover, Doe ignores the State Court's recent grant of USC's motion to compel arbitration of Doe's concurrently-filed state court complaint and other recent decisions granting USC's motions to compel arbitration of FEHA sex harassment claims. *See* ECF 59; ECF 65-3, Exs. 9-10;
[9] *See In re Lares*, 188 F.3d 1166, 1169 (9th Cir. 1999) ("When a statute enumerates the areas which are to be encompassed in its enforcement, it is generally accepted that those areas not specifically mentioned are not to be included.")

1  *Criterion Sys.,* 80 F.3d 339, 344 (9th Cir. 1996). Were that true, this Court would

2  have original jurisdiction over FEHA claims.[10]

3         **F.**    **Doe Fails to Show Fraudulent Inducement.**

4       In addition to the Code of Ethics addressed in USC's Motion,[11] Doe argues that

5  USC also made "misrepresentations" in the Agreement itself: 1) the statement that

6  "internal processes are available for collegially resolving differences that may arise

7  between [USC] and its faculty or staff, including … staff complaint procedures;" and

8  2) "the applicability of the FAA." ECF 65-Opp, at p. 31.[12] These arguments fail. First,

9  Doe *admits* USC afforded her access to university staff internal employee complaint

10  procedures. ECF 51-FAC ¶¶ 275-276 (USC "hired an outside investigator" to

11  investigate Doe's complaint), ¶ 285 ("Pursuant to University policy, [Doe] appealed"

12  the investigation). Doe's dissatisfaction with *how* USC handled her progressive

13  discipline and internal complaint does not change that these procedures *exist*.

14       Second, that Doe disagrees with USC's contention that the FAA governs the

15  Agreement is not evidence of a "misrepresentation" on the part of USC. Doe also

16  states that USC misrepresented the "kind" or "character" of her work. ECF 65 -

17  Opp., 31:7-8. This is not a promise that goes to the making of the Agreement.

18  *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 973 (1997). Rather, this

19  argument is, in effect, an improper request that the Court review the merits of her

20  _____

21  [10] Doe argues the Franken Amendment covers FEHA claims because they are torts,

22  citing *Bihun v. AT&T Info. Sys. Inc.*, 13 Cal.App.4th 976 (1993). *Bihun* held that a
sexual harassment claim is an action "brought to recover damages for personal

23  injury" under Civ. Code § 3291 (interest as damages) because sexual harassment "is
a form of violence against women." *Id.*, at 1004–1005. There is no such claim here.

24  [11] None of Doe's authority establishes that the Code of Ethics fraudulently induced
her to sign a different document, the Agreement. *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th

25  317, 344-345 (2000) addressed whether policies can be the basis for a breach of an

26  implied contract claim. *Harshbarger v. CSX Transp*, 478 F.Supp.2d 890, 895-896
(S.D.W.Va. 2006) addressed whether the Code of Ethics could itself be an enforceable

27  promise, not whether it can be the basis to claim fraud on a different document.

28  [12] Section II.D, above, addresses the argument that JAMS is not a neutral forum.

claims. *See Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013).

      **G.**    **The Agreement Is Not Unconscionable.**

          **1.**    **There Is No Procedural Unconscionability.**

      "[A] compulsory predispute arbitration agreement is not rendered unenforceable just because it is … offered on a 'take it or leave it' basis." *Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal.App.4th 1105, 1127 (2000). And, given Doe's knowledge and experience, it is disingenuous for her to claim that she did not understand the agreement, or was tricked into signing it. *Ramos v. Sup. Court*, 28 Cal.App.5th 1042, 1064-65 (2018).

      That the JAMS rules were not attached to the Agreement is also not evidence of unconscionability. *See Lane v. Francis Capital Mgmt. LLC*, 224 Cal.App.4th 676, 691 (2014) ("[t]here could be no surprise, as the arbitration rules referenced in the agreement were easily accessible to the parties [ ] on the Internet."). Also meritless is Doe's claim that the Agreement contains "a one sided description of arbitration." *See Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122, 1138 (C.D. Cal. 2011) (arbitration compelled although materials accompanying the arbitration agreement did not discuss disadvantages of the particular arbitration process because "the degree of procedural unconscionability is small.").

          **2.**    **The Agreement Is Not Substantively Unconscionable.**

      Doe's argument that the Agreement is unconscionable because "the employee must arbitrate against all 'related entities,' which could encompass claims against JAMS" (ECF 65, 14:2-15:1) is without support and a red herring. USC is clearly a party to the Agreement, and it is the entity seeking arbitration of Doe's claims.

      The Agreement provides that it "may only be revoked or modified in a written document" if certain steps are taken. ECF 55-3-Thompson Decl., Ex. B at ¶ 5. It does ***not*** state that such revocation can be done unilaterally. As Doe acknowledges, California courts have since held that "the implied covenant of good faith and fair dealing limits the employer's authority to unilaterally modify the arbitration

1  agreement and saves that agreement from being illusory and thus unconscionable."

2  *Casas v. Carmax Auto Superstores Cal. LLC*, 224 Cal.App.4th 1233, 1237 (2014).

3  *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (2003) is inapposite as it expressly

4  "dr[e]w no conclusion as to whether this term, by itself, renders the contract

5  unenforceable." *Id.*, at 1179 n. 23.

6        That the Agreement contains one-sided class/collective action waivers is

7  irrelevant. Class/collective action waivers in arbitration agreements are permitted.

8  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011); *Epic Systems Corp.*

9  *v. Lewis*, 138 S.Ct. 1612 (2018).

10       Doe also complains that a separate Confidentiality Statement and JAMS Rule

11  26(a) disadvantage her. Nonsense. The Confidentiality Statement protects the

12  confidentiality of third-party private information and makes no reference to

13  arbitration. *See* ECF 65-1 – Doe Decl., Ex. 1. JAMS Rule 26(a) only addresses the

14  obligation of JAMS and the Arbitrator to "maintain the confidential nature of the

15  Arbitration proceeding." They do not impose the broad confidentiality obligations

16  that were present in *Grabowski v. Robinson*, 817 F.Supp.2d 1159, 1176 (S.D. Cal.

17  2011) (imposing confidentiality on "all aspects of the arbitration"). The limited

18  confidentiality provisions at issue here are not unconscionable. *Epstein v. Vision*

19  *Serv. Plan*, 56 Cal.App.5th 223, 244 (2020) (holding that a confidentiality clause

20  requiring the arbitrator to hold information in confidence is not unconscionable).

21  Indeed, *Grabowski* recognizes that "under California law, '[c]onfidentiality by itself

22  is not substantively unconscionable.'" 817 F.Supp.2d at 1176.

23       Finally, Doe's argument that the Agreement is unconscionable because it

24  allows summary judgment motions (and displaces the arbitrator's discretion to allow

25  the motion) is nonsensical as such motions are permitted in federal court. Fed. R.

26  Civ. P. 56 ("A party may move for summary judgment....")

27       **H.    Enforcement Of The Arbitration Is Not Against Public Policy.**

28       Doe failed to dispute (and thus concedes) that the FAA displaces California's

1  rule exempting claims for public injunctive relief. *Ferguson v. Corinthian Colls.*,

2  733 F.3d 928, 934-937 (9th Cir. 2013); ECF 55-1-Motion, 30:2-5. She also failed to

3  dispute that *McGill v. Citibank* does not apply because the Agreement does not

4  prohibit public injunctive relief and Doe has not stated a claim for public injunctive

5  relief since the relief she seeks is *as to herself*. ECF 55-1-Motion, 30:6-31:5.

6          **I.     The FAA Preempts State Laws.**

7          None of Doe's authority supports her proposition that state police powers

8  trump the FAA. *Prima Paint v. Flood & Conklin*, 388 U.S. 395, 415 (1967) does not

9  address the interplay of the FAA and police powers. Similarly, *W. Coast Hotel v.*

10  *Parrish*, 300 U.S. 379 (1937) and *Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes &*

11  *Lea*, 838 F.2d 395 (9th Cir. 1988) did not involve the FAA. Moreover, "the [FAA]

12  pre-empts state law" and "state courts cannot apply state statutes that invalidate

13  arbitration agreements." *Allied Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 272

14  (1995); *Concepcion*, 563 U.S. at 341 ("[w]hen state law prohibits outright the

15  arbitration of a particular type of claim, the analysis is straightforward: The

16  conflicting rule is displaced by the FAA").[13]

17  **III.    CONCLUSION**

18          USC respectfully requests the Court to order this matter to arbitration.

19  DATED: June 30, 2021          YOUNG & ZINN LLP
                                  By: /s/ Vicky H. Lin
20                                _____
                                  VICKY H. LIN, Attorneys for Defendant
21                                UNIVERSITY OF SOUTHERN CALIFORNIA

22  _____

23  [13] Labor Code 932 covers collective bargaining rights, not arbitration. Labor Code
    432.5's prohibition against unlawful contractual terms is inapplicable because the
24  Agreement is lawful. Gov. Code 12964.5's prohibition against a release of FEHA
    rights is inapplicable because the Agreement does not do so. Labor Code 432.6
25  applies to agreements entered into *after* 2020. Doe provides no authority for her
    argument that being an at-will employee extends or modifies the Agreement.
26  Finally, *Midwest Motor Supply Co. v. Sup Ct.*, 56 Cal.App.5th 702 (2020)
27  "decline[d] to address" Section 432.6 because "a federal district court issued a
28  preliminary injunction enjoining the state from enforcing section 432.6." *Id*. at 715.